**E-filed 5/19/09**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| HEAT SURGE, LLC; WORLD RESERVE MONETARY EXCHANGE, INC.; and UNIVERSAL SYNDICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOB LEE, in his official capacity as District Attorney for Santa Cruz County, CA; and KELLY J. WALKER, in his official capacity as Assistant District Attorney for Santa Cruz County, CA, <br><br> Defendants. | Case Number C 09-572 JF (PVT) <br><br> **ORDER[1] CONTINUING HEARING ON MOTION TO DISMISS** <br><br> re: docket no. 14 |

## I. BACKGROUND

This action arises from an ongoing dispute over the legality of advertising by Plaintiffs Heat Surge, LLC ("Heat Surge") and World Reserve Monetary Exchange, Inc. ("WRME") (collectively, "Plaintiffs"). Defendants Santa Cruz County District Attorney Bob Lee ("Lee")

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 09-572 JF (PVT)
ORDER CONTINUING HEARING ON MOTION TO DISMISS
(JFLC3)

and Assistant District Attorney Kelly Walker ("Walker") (collectively, "Defendants") have been investigating Plaintiffs for alleged false advertising since sometime in 2007. On February 4, 2009, Walker sent a letter to WRME's counsel requesting further information pertaining to the investigation. The letter stated that Walker had been awaiting the information for over a year, and that if he did not receive it by February 9, 2009, the District Attorney's Office would file a complaint against WRME. On February 9, 2009, apparently without providing the requested information, Plaintiffs filed the instant action, alleging that Walker's investigation into and threatened prosecution of Plaintiffs' business practices was biased and had an unconstitutional chilling effect on Plaintiffs' commercial speech. On February 10, 2009, Walker filed an action in state court against WRME and others for alleged violations of California's Unfair Competition Law ("UCL"). WRME subsequently removed that action to this Court, where it was administratively related to the instant action.

On February 24, 2009, Defendants in the instant action filed a motion to dismiss grounded in *Younger* abstention and the jurisdictional principles set forth in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). In response, Plaintiffs filed an Amended Complaint on March 18, 2009, adding claims for judicial declarations that their actions do not violate the Federal Trade Commission Act and that Walker has violated the California Rules of Professional Conduct. Defendants have filed a renewed motion to dismiss the instant action under *Brillhart*. They also move to remand their state-law action for false advertising to the superior court. The motion to dismiss is set for hearing on May 22, 2009, and the motion to remand is to be heard on May 29, 2009. For the reasons set forth below, the Court finds it expedient to continue the hearing on the motion to dismiss to May 29, 2009, so that the two motions may be heard concurrently.

**II. LEGAL STANDARD**

District courts have discretion as to whether to retain jurisdiction over declaratory judgment actions. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998). "Prudential guidance for retention of the district court's authority is found in *Brillhart v. Excess Ins. Co. of America* . . . and its progeny." *Id*. at 1223. The "primary" *Brillhart* factors have been

2

articulated as follows: "A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) (citing *Dizol*, 133 F.3d at 1225). "Secondary" considerations may include: "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5 (citation omitted).[2]

### III. ORDER

Both parties contend that the Court should grant the relief they seek in the instant action regardless of how the Court rules on the pending motion to remand the second action. Yet both parties also acknowledge that disposition of the latter motion may have considerable, and perhaps dispositive, effect on the Court's determination of the instant motion to dismiss. For example, Plaintiffs argue that "[i]f the Court [d]enies [r]emand in Case No. C09-01182, [d]enial of [the] [m]otion [to dismiss] [s]hould [f]ollow as a [m]atter of [c]ourse." Considerations of judicial economy weigh strongly in favor of hearing both motions concurrently. Accordingly, the Court will continue the hearing on the motion to dismiss to Friday May 29, 2009 at 9 AM.

**IT IS SO ORDERED**

---

[2] Plaintiffs argue that the Court should decide the instant motion not under *Brillhart* but under the more restrictive standard for discretionary deference to state-court proceedings outlined in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1971). Even assuming that *Colorado River* applies, and that it adds strength to Plaintiffs' arguments for retention of this action, considerations of judicial economy still weigh in favor of deferring the hearing on the instant motion.

3

Case No. C 09-572 JF (PVT)
ORDER CONTINUING HEARING ON MOTION TO DISMISS
(JFLC3)

DATED: 5/19/09

JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

Crystal Mothershead Gaudette     cgaudette@wsgr.com, llow@wsgr.com

Jason Michael Heath     Jason.Heath@co.santa-cruz.ca.us, csl026@co.santa-cruz.ca.us

Leo Patrick Cunningham     lcunningham@wsgr.com, lmontoya@wsgr.com